```
              UNITED STATES DISTRICT COURT

            CENTRAL DISTRICT OF CALIFORNIA

                    WESTERN DIVISION



INTERNATIONAL RECTIFIER, a           )
Delaware corporation,                )
                                     )
                Plaintiff,           )  No. CV 08-05869 R
                                     )
         vs.                         )
                                     )
ALEX LIDOW, an individual, et al.,   )
                                     )
                Defendants.          )



              TRANSCRIPT OF PROCEEDINGS

  THE HONORABLE MANUEL L. REAL, U.S. DISTRICT JUDGE PRESIDING

                LOS ANGELES, CALIFORNIA

                   FEBRUARY 2, 2009



                     MOTION HEARING




             BRIDGET R. MONTERO CSR 10020, CRR
                 United States Courthouse
            312 North Spring Street, Room 435
               Los Angeles, California 90012
                       (213)894-0134
                  bridgetmontero@yahoo.com
               Internal File No. 09013, #12
```

```
 1  APPEARANCES OF COUNSEL:

 2

 3  For the Plaintiff:

 4

 5  Robins, Kaplan, Miller & Ciresi, LLP
    BY:  ROMAN M. SILBERFELD
 6  BY:  MICHAEL A. GEIBELSON
    2049 Century Park East, Suite 3400
 7  Los Angeles, CA 90067

 8  Sheppard Mullin
    BY:  ROBERT D. ROSE
 9  501 West Broadway, 19th Floor
    San Diego, CA 92101
10

11

12  For the Defendants:

13

14  Sullivan & Cromwell LLP
    BY:  ROBERT A. SACKS
15  BY:  DIANE L. McGIMSEY
    1888 Century Park East
16  Los Angeles, CA 90067

17  Greenberg Glusker
    BY:  SUANN C. MACISAAC
18  BY:  WILLIAM M. WALKER
    1900 Avenue of the Stars, 21st Floor
19  Los Angeles, CA 90067

20

21

22                           - - - - -

23

24

25
```

```
 1                MONDAY, FEBRUARY 2, 2009; 10:33 A.M.
 2                          - - - - -
 3
 4        THE CLERK:  Calling Item 12, CV 08-5869,
 5   International Rectifier v. Alex Lidow, et al.
 6        Counsel, your appearances, please.
 7        MR. SILBERFELD:  Good morning, Your Honor.  Roman
 8   Silberfeld for the plaintiff.
 9        MR. GEIBELSON:  Good morning, Your Honor.  Michael
10   Geibelson for the plaintiff.
11        MR. ROSE:  Good morning.  Robert Rose for the
12   plaintiff.
13        MR. SACKS:  Good morning, Your Honor.  Robert
14   Sacks and Diane McGimsey from Sullivan & Cromwell for
15   Defendants Efficient Power Conversion Corporation and all of
16   the individuals except for David Tam and Stephen Tsang.
17        MS. MACISAAC:  Good morning, Your Honor.  Suann
18   MacIsaac and William Walker for the Defendant Aixtron AG.
19        THE COURT:  All right.  Counsel, anything to add
20   to the documents which have been filed?
21        MR. SACKS:  No, Your Honor.
22        MS. MACISAAC:  No, Your Honor.
23        MR. ROSE:  Your Honor, just two observations about
24   the reply briefs.
25        Robert Rose for the plaintiff.
```

```
 1              One is, I believe in the case of Aixtron, they
 2   understated their role as alleged as being merely a vendor.
 3   This is a situation where the equipment and the trade
 4   secrets are both necessary in order to carry out the success
 5   of the scheme.  I believe the interaction between having
 6   equipment and working with the same people, using the same
 7   trade secrets, constitutes managing the enterprise.
 8              Your Honor, the only other observation is with
 9   respect to what I would call the EPCC defendants who have
10   filed a reply that focuses on several lower court opinions
11   talking about whether a RICO enterprise is too long or too
12   short.
13              I would simply reflect back on -- there's several
14   Ninth Circuit decisions that deal with this, including the
15   *Turner* case, which -- which is helpful to the Court and
16   supports our allegations that this scheme has an open-ended
17   nature to it.
18              Thank you, Your Honor.
19              Mr. Silberfeld --
20              MR. SILBERFELD:  Nothing else, Your Honor.
21              THE COURT:  All right.  The motion to dismiss the
22   Defendants A. Lidow, Efficient Power Conversion Corporation,
23   Robert Beach, JianJuan Cao, Alana Nakata, and Guangyuang
24   Zhao:  On the RICO claims, International Rectifier has
25   failed to plead facts sufficient to establish the existence
```

```
 1  of a continuing racketeering activity or threat thereof.
 2  Plaintiff has, thus, failed to allege a pattern of
 3  racketeering activity, and under the RICO statute, Title 18,
 4  United States Code, section 1962(c), continuity is either a
 5  closed period of repeated conduct over a substantial time or
 6  past conduct that is -- that by its nature projects into the
 7  future with a threat of repetition.  Plaintiff's allegations
 8  of wrongful conduct are insufficient to establish either
 9  closed or open-end continuity.
10          While plaintiff alleges several acts, the scheme
11  essentially centered on conduct of the fall of 2007 to
12  deprive a single victim of confidential information.  That
13  defendant's continued to benefit from the information or
14  that plaintiff continued to suffer does not alter the facts
15  that the alleged misappropriation or conversion was complete
16  once the information was taken.  Moreover, that plaintiff is
17  the only victim gravitates against a pattern of racketeering
18  activity.
19          Plaintiff's conspiracy claim under 1962(d)
20  necessarily fails as well, since plaintiff failed to state a
21  RICO claim under 1962(c).
22          Of the remaining claims, there are no other
23  federal law claims.  This Court declines supplemental
24  jurisdiction over the remaining state law claims under 28,
25  USC, section 1367(c).  Economy, convenience, fairness, and
```

```
 1  comity are best served by dismissing without prejudice the
 2  state law claims.
 3          As to the Defendant Aixtron, the motion to
 4  dismiss, the defendant -- the motion is granted in part and
 5  denied in part.  The same reasoning applies here as to the
 6  ruling in the other -- in the other motion to dismiss on
 7  calendar.
 8          Plaintiff's 1962(c) and 1963(d) claims are thus
 9  dismissed, and there being no other federal claims, this
10  Court declines supplemental jurisdiction over the remaining
11  state law claims.
12          In addition, on the RICO claim against Aixtron,
13  plaintiff failed to sufficiently plead the conduct
14  requirement.  Plaintiff fails to sufficiently allege that
15  Aixtron was involved in the management and operation of the
16  alleged enterprise, as required by Reves v. Ernst & Young,
17  507 U.S. 107, 1993, Supreme Court.
18          Counsel are to prepare the orders.
19          MR. SACKS:  Thank you, Your Honor.
20          MR. GEIBELSON:  Your Honor, if I may require if
21  it's with leave to amend or without?
22          THE COURT:  Leave to amend as to each.  Ten days
23  to amend.
24          MR. GEIBELSON:  I would just note for the Court,
25  that if it's plaintiff's decision not to amend with respect
```

```
 1  to the RICO claims, it would not be our intention not to
 2  pursue the remainder of the claims such that --
 3           THE COURT:  Well, then there's no -- you can bring
 4  a new action, but there's no claim that would now fit to
 5  file a new -- on the same complaint.
 6           MR. GEIBELSON:  Thank you, Your Honor.
 7           THE COURT:  All right.
 8           (Proceedings concluded at 10:39 a.m.)
 9
10
11
12
13                  C E R T I F I C A T E
14
15       I hereby certify that the foregoing is a true and
16  correct transcript from the stenographic record of the
17  proceedings in the foregoing matter.
18
19  _____
    Bridget R. Montero                Date:  February 6, 2009
20  Official Court Reporter
    CSR No. 10020
21
22
23
24
25
```